IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Texas Latino Redistricting Task Force, Joey Cardenas, Alex Jimenez, Emelda Menendez, Tomacita Olivares, Jose Olivares, Alejandro Ortiz and Rebecca Ortiz,<br><br>    Plaintiffs,<br><br>vs.<br><br>Rick Perry, in his official capacity as Governor of the State of Texas,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No. 5:11-cv-00490<br>§<br>§<br>§<br>§<br>§ |

**COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

**I.
INTRODUCTION**

1. Plaintiffs are an association and individual registered voters that seek, on behalf of themselves and their members, declaratory and injunctive relief to enforce the Fourteenth Amendment to the United States Constitution and the Voting Rights Act of 1965.

2. Plaintiffs seek a declaratory judgment that the current congressional redistricting plan and the current redistricting plan for the Texas House of Representatives are malapportioned. Plaintiffs further seek a declaratory judgment that the current congressional and Texas House redistricting plans violate their civil rights because the plans unlawfully dilute the voting strength of Latinos. Plaintiffs seek

a permanent injunction prohibiting the calling, holding, supervising or certifying of any future congressional or Texas House elections under the current redistricting plans. Plaintiffs seek the creation of congressional and Texas House redistricting plans that are equally apportioned and that will not cancel out, minimize or dilute the voting strength of Latino voters in Texas. Plaintiffs further seek costs and attorneys' fees.

## II.
## JURISDICTION

3. Jurisdiction is based upon 28 U.S.C. 1343a (3) & (4) and upon 28 U.S.C. 1331 for causes of action arising from 42 U.S.C. 1973 and 1973c. Jurisdiction for Plaintiffs' claim for declaratory relief is based upon 28 U.S.C. 2201 and 2202. Jurisdiction for Plaintiffs' claim under the Fourteenth Amendment to the U.S. Constitution is based upon 42 U.S.C. Section 1983 and 28 U.S.C. 1331. Jurisdiction for Plaintiffs' claim for attorney's fees is based on 42 U.S.C. Sections 1973l(e) and 1988. Venue is proper in this court under 28 U.S.C. 1391(b).

## III.
## PLAINTIFFS

4. Plaintiff TEXAS LATINO REDISTRICTING TASK FORCE is an unincorporated association of individuals and organizations committed to securing fair redistricting plans for Texas. Organizational members of the Texas Latino Redistricting Task Force include Texas LULAC/HOPE, the Texas Mexican American Bar Association, the National Organization for Mexican American Rights, Southwest Voter Registration Education Project, the William C. Velasquez Institute, and Southwest Workers' Union. Individuals who are

members of the Task Force member organizations include Latino registered voters of Texas.

5. Plaintiff Joey Cardenas is Latino and a registered voter of Texas. He resides in Louise, Texas.

6. Plaintiff Alex Jimenez is Latino and a registered voter of Texas. He resides in Fort Worth, Texas.

7. Plaintiff Emelda Menendez is Latina and a registered voter of Texas. She resides in San Antonio, Texas.

8. Plaintiff Jose Olivares is Latino and a registered voter of Texas. He resides in Corpus Christi, Texas.

9. Plaintiff Tomacita Olivares is Latina and a registered voter of Texas. She resides in Corpus Christi, Texas.

10. Plaintiff Alejandro Ortiz is Latino and a registered voter of Texas. He resides in San Antonio, Texas.

11. Plaintiff Rebecca Ortiz is Latina and a registered voter of Texas. She resides in San Antonio, Texas.

## IV.
## DEFENDANT

12. Defendant RICK PERRY is sued in his official capacity as Governor of Texas. Defendant Perry is the Chief Executive Officer of the State of Texas.

## V.
## FACTS

13. According to the 2010 Census, the population of Texas is 25,145,561 with a Latino population of 9,460,921 (38%). The Latino voting age population of

Texas is 34% of the total voting age population. The Latino citizen voting age population of Texas is 25% of the total citizen voting age population.

14. According to the 2010 Census, Latinos comprised approximately 65% of total population growth in Texas between 2000 and 2010.

15. The current congressional redistricting plan was ordered into effect on August 4, 2006 by the U.S. District Court for the Eastern District of Texas in *LULAC v. Perry* (No. 2:03-00354).

16. The current redistricting plan for the Texas House of Representatives was ordered into effect on November 28, 2001 by the U.S. District Court for the Eastern District of Texas in *Balderas v. Texas* (No. 6:01CV158).

17. The 82nd Texas Legislature adjourned it Regular Session on May 30, 2011 without having enacted a congressional redistricting plan. On May 31, 2011, the Legislature convened its Special Session. On the same day, Defendant Governor Rick Perry added congressional redistricting to the list of topics for the Legislature to address in the Special Session.

18. On May 21, 2011 the Texas Legislature a Texas House redistricting plan, H.B. 150 (PlanH283), to enrollment. H.B. 150 has not been signed by Defendant Governor Perry.

19. The current congressional and Texas House redistricting plans contain population deviations that exceed the standard under the 14th Amendment to the U.S. Constitution.

20. On September 25, 1975, Section 5 of the Voting Rights Act of 1965 was extended and amended to cover the State of Texas. State and political subdivisions covered

by the Act must comply with certain specific procedures. Among them is the requirement that all qualifications, prerequisites, standards practices, or procedures with respect to voting different from those in effect on November 1, 1972 must be determined, either by the United States District Court for the District of Columbia or the United States Attorney General, not to have the purpose or effect of denying or abridging the right to vote on account of race, color or membership in a language minority group.

21. The State of Texas is a covered jurisdiction subject to the requirements of Section 5 of the Voting Rights Act, as amended, 42 U.S.C. § 1973c. No Texas statewide redistricting plan is legally enforceable prior to receiving federal preclearance.

22. On July 27, 2006, President George W. Bush signed into law the Voting Rights Act Reauthorization and Amendments Act of 2006, which extended Section 5 for 25 years.

23. Section 2 of the Voting Rights Act of 1965, 42 U.S.C. 1973, applies nationwide and prohibits voting practices and procedures that result in the denial or abridgement of the right of any citizen to vote on account of race, color or membership in a language minority group. Section 2 is a permanent provision of the federal Voting Rights Act.

The Texas Congressional Redistricting Plan

24. There are 32 districts in the current congressional redistricting plan for Texas. Seven of the congressional districts in the current plan are Latino-majority and offer Latinos the opportunity to elect their candidate of choice.

25. Following the 2010 Census, Texas was apportioned 36 congressional districts.

26. The current congressional redistricting plan does not include a Latino-majority congressional district in the Dallas-Ft. Worth area.

27. The Latino population of Dallas and Tarrant counties is sufficiently geographically compact to comprise the majority of the citizen voting age persons in a congressional district.

28. A congressional district can be created in the Dallas-Ft. Worth area that will afford Latino voters the opportunity to elect their candidate of choice.

29. The current congressional redistricting plan includes only six congressional districts located in the southern and western portion of the state that offer Latinos the opportunity to elect their candidate of choice.

30. The Latino population of Texas is sufficiently geographically compact to comprise the majority of citizen voting age persons in at least seven congressional districts located in the southern and western portion of the state.

31. Seven congressional districts can be created in the southern and western portion of the state that offer Latino voters the opportunity to elect their candidate of choice.

32. The current congressional redistricting plan includes one Latino-majority congressional district in Harris County.

33. The Latino population of Harris County is sufficiently geographically compact to comprise the majority of citizen voting age persons in one congressional district and the majority of voting age persons in a second congressional district.

34. Two congressional districts can be created in Harris County that will afford Latino voters the opportunity to elect their candidate of choice.

35. Latinos in Texas, including the areas in which Latino-majority congressional districts can be created, are politically cohesive.

36. Anglos (White Non-Hispanics) vote sufficiently as a bloc to enable them -- in the absence of special circumstances, such as the Latino candidate running unopposed -- usually to defeat the Latino voters' preferred candidates in Texas, including the areas in which Latino-majority congressional districts can be created.

37. The current Texas congressional redistricting plan interacts with social and historical conditions to cause an inequality in the opportunity of Latino voters to elect representatives of their choice as compared to Anglo voters.

Texas House of Representatives Plan

38. The current Texas House of Representatives redistricting plan contains a total of 150 districts.  Thirty-six Texas House districts contain a majority Latino voting age population.  Thirty Texas House districts contain a majority Latino citizen voting age population.

39. The Latino population of Texas is sufficiently geographically compact to comprise the majority of citizen voting age persons in at least 35 Texas House districts.

40. At least 35 Texas House districts can be created in the state that offer Latino voters the opportunity to elect their candidate of choice.

41. Latinos in Texas, including the areas in which Latino-majority Texas House districts can be created, are politically cohesive.

42. Anglos vote sufficiently as a bloc to enable them -- in the absence of special circumstances, such as the Latino candidate running unopposed -- usually to

defeat the Latino voters' preferred candidates in Texas, including the areas in which Latino majority Texas House districts can be created.

43. The current Texas House redistricting plan interacts with social and historical conditions to cause an inequality in the opportunity of Latino voters to elect representatives of their choice as compared to Anglo voters.

44. In addition to being malapportioned, the current congressional and Texas House redistricting plans operate to dilute the voting strength of Latinos in the State of Texas.

45. At all times relevant herein, Defendants have acted under color of State law.

## VI.
## CAUSES OF ACTION

46. The allegations contained in paragraphs 1-45 are alleged as if fully set forth herein.

47. The current congressional and Texas House redistricting plans are malapportioned in violation of the Equal Protection Clause of the 14th Amendment to the U.S. Constitution.

48. The current congressional and Texas House redistricting plans result in a denial or abridgement of the right to vote of individual plaintiffs and organizational plaintiff's members on account of their race, color, or ethnicity, by having the effect of canceling out or minimizing their individual voting strength as minorities in Texas. The current redistricting plans do not afford individual plaintiffs and organizational plaintiff's members an equal opportunity to participate in the political process and to elect representatives of their choice, and denies individual plaintiffs and organizational plaintiff's members the right to vote in elections

without distinction of race, color or previous condition of servitude in violation of 42 U.S.C. Section 1973.

49. The plan adopted by the Texas Legislature for the Texas House of Representatives has not received the necessary preclearance required by Section 5 of the Voting Rights Act, 42 U.S.C. Section 1973c. It therefore cannot be implemented unless and until it receives Section 5 preclearance.

## VII.
## REQUEST FOR THREE JUDGE COURT

50. Plaintiffs request a three-judge trial court pursuant to 28 U.S.C. Section 2284.

## VIII.
## ATTORNEYS' FEES

51. In accordance with 42 U.S.C. Sections 1973-1(e) and 1988, Plaintiffs are entitled to recover reasonable attorney's fees, expenses and costs.

## IX.
## PRAYER

48. WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court:

   (a) assume jurisdiction of this action and request a three-judge panel pursuant to 28 U.S.C. Section 2284;

   (b) issue a declaratory judgment finding that the current congressional and Texas House redistricting plans are malapportioned, illegally dilute the voting rights of Latino voters in Texas and are unlawful, null and void;

   (c) permanently enjoin Defendants from calling, holding, supervising or certifying any elections under the current congressional and Texas House redistricting plans. Plaintiffs have no adequate remedy at law other than the judicial relief sought herein, and unless the Defendants are enjoined

        from using the current redistricting plans, individual plaintiffs and organizational plaintiffs' members will be irreparably harmed by the continued violation of their statutory and constitutional rights;

(d)    set a reasonable deadline for state authorities to enact or adopt redistricting plans for congressional and Texas House districts that do not dilute, cancel out or minimize the voting strength of Latino voters;

(e)    if state authorities fail to enact or adopt valid redistricting plans by the Court's deadline, order new redistricting plans for congressional and Texas House districts that do not dilute, cancel out or minimize the voting strength of Latino voters;

(h)    adjudge all costs against Defendant, including reasonable attorneys fees;

(i)    retain jurisdiction to render any and all further orders that this Court may from time to time deem appropriate; and

(j)    grant any and all further relief to which Plaintiffs may show themselves to be entitled.

DATED: June 17, 2011                      Respectfully submitted,

                                              MEXICAN AMERICAN LEGAL DEFENSE
                                               AND EDUCATIONAL FUND

                                               */s/ Nina Perales*_____
                                               Nina Perales
                                               Texas Bar No. 24005046
                                               110 Broadway, Suite 300
                                               San Antonio, TX 78205
                                               (210) 224-5476
                                               FAX (210) 224-5382

**Certificate of Service**

  I hereby certify that a true and correct copy of the foregoing Complaint has been served in accordance with the Federal Rules of Civil Procedure on June 17, 2011, upon the following parties:

Rick Perry
Governor of Texas
State Capitol, Room 2S.1
P.O. Box 12428
Austin, TX 78711

Geoffrey S. Connor
Secretary of State
State Capitol, Room 1E.8
P.O. Box 12697
Austin, TX 78711

            */s/ Nina Perales*
            Nina Perales